# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HYPER SEARCH LLC,<br><br>        Plaintiff,<br><br>v.<br><br>FOURSQUARE LABS, INC.,<br><br>        Defendant. | C.A. No. 1:18-cv-01274-CFC |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SANCTIONS

**BLANK ROME LLP**
Adam V. Orlacchio (#5520)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6431 Telephone
(302) 425-6464 Facsimile
orlacchio@blankrome.com

Kenneth L. Bressler (*pro hac vice*)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
212-885-5000
kbressler@blankrome.com

Megan R. Wood (*pro hac vice*)
1825 Eye Street, NW
Washington D.C. 20006
202-420-2200
mwood@blankrome.com

*Attorneys for Defendant,*
*Foursquare Labs, Inc.*

Dated: November 30, 2018

**TABLE OF CONTENTS**

                                                                                                                                 **Page(s)**

I.    INTRODUCTION ..................................................................................................................1

II.   NATURE AND STAGE OF PROCEEDINGS ....................................................................1

III.  SUMMARY OF ARGUMENT ...........................................................................................2

IV.  STATEMENTS OF FACT ..................................................................................................3

        A.     Hyper Search's Patents ..............................................................................................3

        B.     Foursquare's Recommendation System....................................................................4

        C.     Meet and Confers between Counsel for Hyper Search and Foursquare ..................5

V.    ARGUMENT........................................................................................................................6

        A.     The Continued Maintenance of The Infringement Claims Under the '412 and '733 Patent Violates Rule 11................................................................................6

              1.     Rule 11 Standard...........................................................................................6

              2.     Hyper Search's Continued Prosecution of the '412 and '733 Patents Despite Non-Infringement is Sanctionable. ................................................7

        B.     The Continued Maintenance of The Infringement Claims Under the '412 and '733 Patent Makes this an Exceptional Case under 35 U.S.C. § 285.............................10

        C.     The Continued Maintenance of The Infringement Claims Under the '412 and '733 Patent Violates 28 U.S.C. § 1927. .......................................................................11

VI.  CONCLUSION..................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.*,
 861 F.3d 1353 (Fed. Cir. 2017)...........................................................................................10

*Amgen, Inc. v. Ariad Pharm., Inc.*,
 577 F. Supp. 2d 695 (D. Del. 2008)......................................................................................7

*Balthazar v. Atl. City Med. Ctr.*,
 137 Fed. App'x 482 (3d Cir. 2005)...................................................................................6, 9

*Eltech Sys. Corp. v. PPG Indus., Inc.*,
 903 F.2d 805 (Fed. Cir. 1990).......................................................................................10, 11

*Great W. Mining & Mineral Co. v. ADR Options, Inc.*,
 533 F. App'x 132 (3d Cir. 2013) ........................................................................................11

*Lewis v. Smith*,
 2010 U.S. App. LEXIS 27606 (3d Cir. 2010) ....................................................................12

*Loving v. Pirelli Cable Corp.*,
 11 F. Supp. 2d 480 (D. Del. 1998).......................................................................................6

*Lumen View Tech., LLC v. Findthebest.com, Inc.*,
 24 F. Supp. 3d 329 (S.D.N.Y. 2014)...................................................................................11

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
 134 S. Ct. 1749 (2014)..................................................................................................10, 11

*Phonometrics, Inc. v. Economy Inns of Am.*,
 349 F.3d 1356 (Fed. Cir. 2003).............................................................................................7

*Phonometrics, Inc. v. Westin Hotel Co.*,
 350 F.3d 1242 (Fed. Cir. 2003)......................................................................................11, 12

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
 247 F.3d 1316 (Fed. Cir. 2001).........................................................................................7, 9

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
 231 F. Supp. 3d 19 (D. Del. 2017)......................................................................................12

*Xiaohua Huang v. Huawei Techs. Co.*,
 735 F. App'x 715 (Fed. Cir. 2018) .....................................................................................10

**Other Authorities**

FED. R. CIV. P. 11(c)................................................................................................................6

## I. INTRODUCTION

Plaintiff Hyper Search, LLC ("Hyper Search") and its attorneys, Toler Law Group and Devlin Law Firm, should be sanctioned under Federal Rule of Civil Procedure 11, 35 U.S.C. § 285 and 28 U.S.C. § 1927 for maintaining this action despite knowing that defendant Foursquare Labs, Inc.'s ("Foursquare") recommendation system cannot infringe the asserted claims of U.S. Patents Nos. 6,792,412 ("the '412 Patent") and 8,260,733 ("the '733 Patent").

Each of the asserted claims of the '412 and '733 Patents requires a neural network. The claims further require that the neutral network use feedback provided by users and readjust automatically how different features of a venue are weighted. Foursquare unequivocally does not use a neural network for this purpose. Instead, engineers manually adjust how features of a venue are weighted. Manual manipulation of weights is diametrically opposed to how weights are adjusted in a neural network. Thus, it impossible for the Foursquare system to infringe the asserted claims of the '412 and '733 Patents.

Foursquare advised Hyper Search and its counsel of these facts, yet they continue to assert these frivolous infringement claims.

## II. NATURE AND STAGE OF PROCEEDINGS

Hyper Search filed this lawsuit on August 20, 2018. (D.I. 1 (Complaint)). It accuses Foursquare of directly and indirectly infringing claim 1 of the '412 Patent, claim 6 of U.S. Patent No. 7,120,615, and claim 6 of the '733 Patent by making and inducing its customers to use the Foursquare recommendation system. (*Id.* ¶¶ 39, 48, 71, 80, 103, 113).

On November 26, 2018, Foursquare filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Hyper Search has failed to state a claim upon which relief can be granted. (D.I. 12, 13). As explained in the motion to dismiss, Hyper

Search's claims under the '412 and '733 Patents should be dismissed because the Foursquare system cannot infringe these patents as it does not have a neural network as required by the asserted claims. (D.I. 13 at 10-13).

In accordance with Federal Rule of Civil Procedure 11(c)(2), Foursquare served a draft motion for sanctions on Hyper Search on November 5, 2018. Foursquare requested that Hyper Search withdraw its Complaint and Hyper Search failed to do so within the requisite twenty-one days.[1] Instead, on November 26, 2018, counsel for Hyper Search sent counsel for Foursquare a letter in response to the draft motion for sanctions.

Hyper Search's arguments for why the Foursquare system includes a neural network are wholly without merit. Foursquare is therefore seeking sanctions in the instant motion for Hyper Search's continued assertion of the '412 and '733 Patents.

### III. SUMMARY OF ARGUMENT

1. Rule 11 sanctions are appropriate when, as here, a party and its attorneys continue to maintain claims after they are no longer tenable. The infringement claims under the '412 and '733 Patents are not tenable because Hyper Search cannot satisfy its burden that Foursquare infringes the asserted claims of these patents because the Foursquare system does not have a neural network as required by the claims.

2. This case is exceptional and sanctions are warranted under 35 U.S.C. § 285 because Hyper Search and its attorneys are acting in bad faith and manifestly unreasonable by

---

[1] Foursquare's November 5, 2018 letter enclosing its draft motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2) is attached as Exhibit A to the Declaration of Kenneth L. Bressler ("Bressler Decl."), filed herewith. *See* Bressler Decl. ¶ 7. The Bressler Decl. is attached as Exhibit 1 of this motion.

continuing to maintain the infringement claims under '412 and '733 Patents despite knowing Foursquare cannot infringe the asserted claims of these patents.

3.  Sanctions are warranted under 28 U.S.C. §1927 because Hyper Search's attorneys are continuing to maintain the infringement claims under '412 and '733 Patents despite knowing Foursquare cannot infringe the asserted claims of these patents.

## IV. STATEMENTS OF FACT

### A. Hyper Search's Patents

The '412 and '733 Patents purport to provide a system or method that includes a neural network that automatically – without human input – redetermines or modifies weight values given to certain information.

Hyper Search only asserts claim 1 of the '412 Patent against Foursquare. Claim 1 recites:

> 1. A system for controlling information output based on user feedback about the information comprising:
> a plurality of information sources providing information;
> **at least one neural network module** that selects one or more of a plurality of objects to receive information from the plurality of information sources based at least in part on a plurality of inputs and a plurality of weight values;
> at least one server, associated with the neural network module, that provides one or more of the objects to one or more recipients;
> the recipients enabling for one or more users to generate feedback about the information; and
> **wherein the neural network** module generates a rating value for a plurality of the objects at the end of an epoch, **redetermines the weight** values using the rating values, and selects which objects to receive information during a subsequent epoch using the redetermined weight values and the inputs for that subsequent epoch.

(D.I. 1017-1 at 24 ('412 Patent claim 1 at col. 19, l. 47-67)).

The only claim from the '733 Patent that Hyper Search asserts against Foursquare is claim 6. (*See* D.I. 1017-6). Claim 6 recites:

3

> 6. A method, comprising:
> conveying, in response to selection of a first network location, a list of one or more links to respective one or more second network locations;
> **modifying, as facilitated by one or more processors, at least one weight value associated with a respective at least one node of a neural network** based on selection of a link, of the one or more links, by a device;
> learning, by the neural network based on the at least one weight value, that selection of the first network location during respective epochs is followed by selection, according to respective probabilities, of a first subset of the one or more links, the respective epochs comprising durations of time for visits to the first network location by the respective devices; and
> conveying, during a subsequent visit to the first network location, a modified list of the one or more links comprising the first subset of the one or more links based on the determining.

(D.I. 1017-5 at 25 ('733 Patent claim 6 at col. 19, l. 61 – col. 20, l. 13)).

### B. Foursquare's Recommendation System

Foursquare provides an online service that makes recommendations to users who are searching for places to go, such as an Italian restaurant in Wilmington, Delaware. (Declaration of Matthew Kamen ("Kamen Decl.") ¶ 3 (attached as Exhibit 2 to this motion)). The recommendation system works as follows, using an Italian restaurant as an example: When a user executes a search for a nearby Italian restaurant, Foursquare's server first retrieves a list of all possible candidates that is too long to show the user. (*Id.* ¶ 6). For example, the results would include Italian restaurants that would be too far away from the user. (*Id.*) The system then generates a series of scores based on a restaurant's many features, including, distance from the user, the restaurant's popularity, and the number of the user's friends who have been to the restaurant, whether the user or the user's friends have previously liked or disliked the restaurant. (*Id.* ¶ 7).

The system then develops a ranking value for each of the restaurants by looking to those features. (*Id.* ¶ 8). Each feature has a preset value (or weight) assigned to it, which value was set by engineers at Foursquare. (*Id.* ¶¶ 8, 10). For example, assume that twenty of the user's friends

have been to the restaurant. (*Id.* ¶ 8). This twenty-value (or score) is multiplied by a weight value, assume 0.05, to provide a weighted value of 1.0. (*Id.*) As another example, the system may find a restaurant that is two blocks away and one that is fifteen miles away. (*Id.*) This distance-value (or score) for each restaurant is combined with a weight assigned to that feature (i.e., distance from the user), assume again 0.05, to provide a value of -0.02 for the restaurant that is two blocks away and 0.0033 for the restaurant that is fifteen miles away, showing a preference for closer locations. (*Id.*) The final score value, which is a combination of the weighted scores, is then used in determining the order in which the Italian restaurants are presented to the user. (*Id.*)

### C. Meet and Confers between Counsel for Hyper Search and Foursquare

On October 11, 2018, counsel for Hyper Search and Foursquare had a meet and confer to discuss the frivolousness of this lawsuit. (*See* Bressler Decl. ¶ 2). Foursquare's counsel explained the Foursquare system cannot infringe the asserted claims of the '412 Patent and the '733 Patent because they require a "neural network" and the Foursquare system does not have one. (*Id.* ¶ 3). Hyper Search's counsel summarily dismissed this fact.

On November 5, 2018, counsel for Hyper Search and Foursquare had a second meet and confer. (*Id.* ¶ 4). Counsel for Foursquare again requested that Hyper Search withdraw the Complaint as the '412 and '733 Patents could not be infringed since the Foursquare system does not have a neural network . (*Id.* ¶ 5). Counsel for Hyper Square refused to do so. (*Id.* ¶ 6). Hyper Search's refusal left Foursquare no other option.

V.     ARGUMENT

    A. **The Continued Maintenance of The Infringement Claims Under the '412 and '733 Patent Violates Rule 11.**

        1.  Rule 11 Standard

Pursuant to Federal Rule of Civil Procedure 11, an attorney presenting any "pleading, written motion, or other paper" to the Court certified that he or she has performed "an inquiry reasonable under the circumstances" such that (1) "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation;" (2) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and (3) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."  FED. R. CIV. P. 11(b)(1), (3) and (4).

The Court is permitted to impose sanctions when Rule 11(b) is violated:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

FED. R. CIV. P. 11(c).

Rule 11 "sanctions are proper when, *inter alia*, a party 'insists upon a position after it is no longer tenable.'"  *Balthazar v. Atl. City Med. Ctr.*, 137 Fed. App'x 482, 490 (3d Cir. 2005) (quoting FED. R. CIV. P. 11 Advisory Committee's Note).  "A litigant's obligations with respect to the contents of [papers filed with the court] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."  *Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 493 (D. Del. 1998) (alteration in original)

(quoting 1993 Advisory Committee Notes to Rule 11); *see also Phonometrics, Inc. v. Economy Inns of Am.*, 349 F.3d 1356, 1363-65 (Fed. Cir. 2003) (affirming order awarding defendant attorneys' fees and costs under Rule 11 where plaintiff maintained its claim of patent infringement when it was clear plaintiff's case was untenable following Federal Circuit's interpretation of patent at issue).

      2.    Hyper Search's Continued Prosecution of the '412 and '733 Patents Despite Non-Infringement is Sanctionable.

To establish infringement of claim 1 of the '412 Patent and claim 6 of the '733 Patent, Hyper Search must prove that every limitation recited in the claims is found in the accused product – Foursquare's recommendation system. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001) (affirming district court's holding that accused product did not infringe asserted patent because it did not satisfy each and every claim limitation); *Amgen, Inc. v. Ariad Pharm., Inc.*, 577 F. Supp. 2d 695, 701 (D. Del. 2008) (granting summary judgment on non-infringement because accused product did not satisfy every claim limitation). As shown below, Hyper Search cannot satisfy its burden.

Both claim 1 of the '412 Patent and claim 6 of the '733 Patent require a "neural network." (D.I. 1017-1 at 24 ('412 Patent claim 1 at col. 19, l. 47-67); D.I. 1017-5 at 25 ('733 Patent claim 6 at col. 19, l. 61 – col. 20, l. 13)). The claims further require that the neural network use feedback provided by users and readjust automatically how different features of a venue are weighted. Specifically, claim 1 of the '412 Patent requires that the neural network "redetermines the weight value using the rating values," and claim 6 of the '733 Patent requires "modifying, as facilitated by one or more processors, at least one weight value associated with a respective at least one node of a neural network based on selection of a link, of the one or more

7

links, by a device." Hyper Search must prove that Foursquare's system has a "neural network" that meets these limitations to succeed on its infringement claims. It cannot, however, do so because Foursquare unequivocally does not use a neural network for this purpose. (*See* Kamen Decl. ¶ 5).

The rating determination method used in the Foursquare system is in no way similar to a neural network. (*Id.* ¶ 9). At Foursquare, the weight given to each feature or a merged group of features does not change unless the company decides to have one of its engineers manually make changes by reviewing search results to see if he or she thinks that the results are not as useful as they can be. (*Id.* ¶ 10). For example, if the search for an Italian restaurant in Wilmington shows as the first result a restaurant that is three miles from where the search takes place, the engineer may give a greater weight to the distance to the restaurant so that restaurants that are closer to the user are recommended. (*Id.*)

Having engineers manually adjust the weight given to certain features is diametrically opposed to the way weights are adjusted in a neural network. (*Id.* ¶ 11). In a neural network, the system itself—as opposed to an engineer—uses the feedback provided by users and readjusts weights automatically. (*Id.*) For example, a neural network would understand from the restaurants chosen by users from the list of recommendations given to them that the users may value the proximity to where they are more than whether their friends have been there and would adjust to give more weight to proximity. (*Id.*) This can be seen in claim 1 of the '412 Patent, which requires that the neural network "redetermines the weight value using the rating values," and in claim 6 of the '733, which includes "modifying, as facilitated by one or more processors, at least one weight value associated with a respective at least one node of a neural network based on selection of a link, of the one or more links, by a device." (*See* D.I. 1017-1 at 24 ('412 Patent

8

claim 1 at col. 19, l. 47-67); D.I. 1017-5 at 25 ('733 Patent claim 6 at col. 19, l. 61 – col. 20, l. 13)). As the Foursquare system does not have a neural network, it cannot infringe the asserted claims of the '412 and '733 Patents. *Telemac Cellular*, 247 F.3d at 1330.

Hyper Search and its counsel had no proof or reason to believe the Foursquare system had a neural network when they filed this lawsuit. In the Complaint, Hyper Search refers to a document titled "Finding the Perfect 10: How We Developed the Foursquare Rating System" as evidence that Foursquare uses a neural network (*see* D.I. 1017-2 at 3). But that article makes clear that Foursquare uses a natural language pipeline in combination with a statistical analysis model known as trinomial logistic regression to determine whether a particular user response is a like, dislike or okay—the three options—and only describes how Foursquare determines the meaning of user feedback on an item. (Kamen Decl. ¶ 12). For example, an "amazing" is turned into a "like" for purposes of ranking the restaurant. (*Id.*) For clarity, trinomial logistic regression is a statistical analysis modelling method and is not a neural network. (*Id.*)

Moreover, since then, there can be no dispute that Hyper Search and its counsel are well-aware that the Foursquare system cannot infringe the asserted claims of the '412 and '733 Patents because counsel for Foursquare explicitly told them on two separate occasions that the Foursquare system does not include a neural network (Bressler Decl. ¶¶ 3, 5) and Foursquare's motion to dismiss included Mr. Kamen's Declaration expressly stating that Foursquare does not use a neural network. (*See* D.I. 13-2 at 3-4, Kamen Decl. ¶¶ 5, 9). Thus, Hyper Search and its counsel refusal to withdraw the infringement claims under the '412 and '733 Patents warrants sanctions under Rule 11 as their position is not "tenable." *See Balthazar*, 137 Fed. App'x at 490.

9

### B. The Continued Maintenance of The Infringement Claims Under the '412 and '733 Patent Makes this an Exceptional Case under 35 U.S.C. § 285.

The Supreme Court has held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Supreme Court further explained that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757.

Maintenance of a patent infringement action that has no evidentiary basis makes a case exceptional under 35 U.S.C. § 285. *See, e.g.*, *Xiaohua Huang v. Huawei Techs. Co.*, 735 F. App'x 715, 722 (Fed. Cir. 2018) (affirming award of attorneys' fees under § 285 where patentee "submitted no evidence of pre-suit investigation," submitted "no evidence of infringement" and "litigated the case in a frivolous manner"); *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360-62 (Fed. Cir. 2017) (reversing denial of motion for attorneys' fees where the record showed that the plaintiff (1) maintained its infringement case even though, as applied to the defendant's products, the infringement case was baseless after the district court's claim construction; (2) behaved "dubious[ly]" in litigating the case; and (3) applied a damages model that extracted nuisance-value settlements from many defendants while "continu[ing] to press baseless infringement contentions"); *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 809-10 (Fed. Cir. 1990) (awarding attorney fees where lawsuit was frivolous and supported by no evidence). "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith

litigation; a frivolous suit or willful infringement." *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003) ("*Westin Hotel*").

In addition, "objective baselessness alone can create a sufficient inference of bad faith to establish exceptionality under § 285." *Octane*, 134 S. Ct. at 1754 n.4. "Where . . . the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2014), (citing *Eltech*, 903 F.2d at 811), (granting fees where plaintiff's case was "frivolous and objectively unreasonable" because plaintiff continued to litigate its case despite receiving notice that defendant's product simply could not infringe plaintiff's patent – a fact a basic pre-suit investigation would have revealed), *aff'd*, 811 F.3d 479 (Fed. Cir. 2016).

By maintaining its baseless claims after learning that infringement of the asserted claims of the '412 and '733 Patents is impossible, Hyper Search is acting "manifestly unreasonabl[y]" and an "inference is proper of bad faith." *Eltech*, 903 F.2d at 811. Such bad faith litigation constitutes a preponderance of the evidence warranting an exceptional case determination. *Octane*, 134 S. Ct. at 1758 (prevailing party must prove exceptional case by preponderance of the evidence).

### C. The Continued Maintenance of The Infringement Claims Under the '412 and '733 Patent Violates 28 U.S.C. § 1927.

A court may impose sanctions against an attorney under 28 U.S.C. §1927 "if it concludes that an attorney, in bad faith, 'unreasonably and vexatiously' multiplied the proceedings." *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 533 F. App'x 132, 134 (3d Cir. 2013) (quoting 27 U.S.C. § 1927 (2013)). Section 1927 requires a finding that counsel's conduct is "stamped by

11

bad faith that is violative of recognized standards in the conduct of litigation." *Lewis v. Smith*, 2010 U.S. App. LEXIS 27606 (3d Cir. 2010). "Evidence of bad faith includes [whether]: (1) the claims advanced were meritless; (2) counsel knew or should have known the claims were meritless; and (3) the motive for filing the suit was for an improper purpose, such as harassment." *Id*. (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)). Continuing "to litigate [a] case knowing that its claim c[an] not meet the standard for infringement . . . violate[s] section 1927. … When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Westin Hotel*, 350 F.3d at 1248 (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)); *see also W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 23 (D. Del. 2017) (awarding fees under Section 1927 after patentee continued its pursuit of its claim in face of "completely unrebutted evidence to the contrary"). For the same reasons that the continued maintenance of the infringement claims under the '412 and '733 Patents violates Rule 11 and 35 U.S.C. § 285, it also violates 28 U.S.C. §1927.

## VI. CONCLUSION

For the foregoing reasons, Foursquare respectfully submits that Hyper Search should be sanctioned under Fed. R. Civ. P. 11 and 35 U.S.C. § 285, and that Hyper Search's attorneys should be sanctioned under Fed. R. Civ. P. 11, 35 U.S.C. § 285 and 28 U.S.C. §1927.

| | |
|---|---|
| Dated: November 30, 2018 | BLANK ROME LLP |
| | |
| | */s/ Adam V. Orlacchio* |
| | Adam V. Orlacchio (#5520) |
| | 1201 N. Market Street, Suite 800 |
| | Wilmington, Delaware 19801 |
| | (302) 425-6431 Telephone |
| | (302) 425-6464 Facsimile |
| | orlacchio@blankrome.com |
| | |
| | Kenneth L. Bressler (*pro hac vice*) |
| | The Chrysler Building |
| | 405 Lexington Avenue |
| | New York, NY 10174 |
| | 212-885-5000 |
| | kbressler@blankrome.com |
| | |
| | Megan R. Wood (*pro hac vice*) |
| | 1825 Eye Street, NW |
| | Washington D.C. 20006 |
| | 202-420-2200 |
| | mwood@blankrome.com |
| | |
| | *Attorneys for Defendant,* |
| | *Foursquare Labs, Inc.* |